IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JESSICA LOVETT #578482, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 1:22-cv-00039 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| GLORIA FISHER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Jessica Lovett filed a pro se habeas corpus petition under 28 U.S.C. § 2254 (Doc. No. 1) and a motion to appoint counsel. (Doc. No. 2). She paid the filing fee. (Doc. No. 7). The Petition is before the Court for preliminary review. *See* Habeas Rule 4. For the following reasons, the Petition appears to be untimely and not subject to an equitable exception to the statute of limitations. Accordingly, to avoid dismissal of this case, Petitioner **MUST** follow the instructions at the end of this Order to **SHOW CAUSE** in writing why the Petition should not be dismissed.

**I. BACKGROUND**

Petitioner is serving a 31-year sentence imposed after pleading guilty to robbery and second-degree murder in Maury County. (Doc. No. 1 at 1–2). Her judgment is dated April 10, 2017. (*Id.* at 1). On February 5, 2018, she filed a state post-conviction petition.[1] She withdrew the petition on the advice of counsel (*id.* at 4–6), and the case was dismissed on May 7, 2018.

Petitioner's course of proceedings since that time may reflect some confusion about the structure of the state and federal court systems. On an unknown date, Petitioner filed a state habeas

---

[1] Dates related to the post-conviction proceedings are taken from the Maury County Online Court Records System. *See* https://maury.tncrtinfo.com/crCaseForm.aspx?id=6717E60F-189D-4C62-B109-405BA3794F8B (last visited Nov. 4, 2022); Fed. R. Evid. 201(b) (allowing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

corpus petition in the Davidson County Criminal Court. (*See* Doc. No. 1-1 at 1). On April 1, 2021, that court summarily denied relief. (*Id.* at 1–3). Rather than appeal that ruling to the *state* court of criminal appeals, Petitioner turned to the *federal* appellate court. On July 19, 2021, the Sixth Circuit Court of Appeals received Petitioner's motion for authorization to file a second or successive *federal* habeas petition. (*Id.* at 4). Three days later, because Petitioner had yet to file a federal habeas petition, the Sixth Circuit returned Petitioner's motion as unfiled. (*Id.*) It also sent her a blank federal habeas petition and told her where to file it—this Court, the federal district court encompassing her place of custody and county of conviction. (*See id.*); 28 U.S.C. § 2241(d).

Petitioner signed her federal habeas petition on August 26, 2022[2] (Doc. No. 1 at 10), so the Court deems the Petition filed as of that date. *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (footnote omitted) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

## II. ANALYSIS

The Court must dismiss the Petition "[i]f it plainly appears from the petition and any attached exhibits that" Petitioner "is not entitled to relief." Habeas Rule 4; *see Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)).

**A. Timeliness of the Petition**

There is a one-year statute of limitations to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This period begins to run "from the latest of" four dates, one of which is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Because Petitioner did not file a direct appeal, the Court would ordinarily begin by determining when the direct-appeal period

---

[2] The Petition was signed and notarized on August 26, 2022, but Petitioner asserts that she placed it in the prison mailing system on August 29. (Doc. No. 1 at 10). For present purposes, the Court will give her the benefit of the earlier date, although the outcome of the timeliness analysis is the same either way.

2

expired. *Id.* That would be 30 days after entry of judgment. *See* Tenn. R. App. P. 4(a). But the limitations period is tolled while a properly filed application for state collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). And from the limited record available on preliminary review, it is unclear when Petitioner filed her state habeas corpus petition in Davidson County Criminal Court. Therefore, in the absence of contrary evidence, the Court gives Petitioner the full benefit of the doubt and will conduct its timeliness analysis based on the (likely fictitious) assumption that Petitioner properly filed her state habeas petition during the initial 30-day direct-appeal window.

Applying this assumption, the limitations period was automatically tolled until Petitioner's state habeas petition was no longer pending. The Davidson County Criminal Court denied the petition on April 1, 2021, and Petitioner did not appeal. Therefore, Petitioner's judgment became final when that 30-day appeal window expired. Thirty days after April 1 was Saturday May 1, so the deadline extended through the following Monday, May 3.[3] *See* Tenn. R. Crim. P. 45(a)(2). The one-year period to file a federal habeas petition started running the next day, on May 4, 2021. *See Taylor v. Palmer*, 623 F. App'x 783, 785 n.2 (6th Cir. 2015) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)). That puts the deadline for Petitioner's federal habeas petition on May 4, 2022. She did not file the Petition until August 26, 2022. Accordingly, even liberally construing the record in Petitioner's favor, the Petition appears to be untimely by over three-and-a-half months.[4]

---

[3] The assumed statutory tolling period for Petitioner's state habeas petition (April 2017 to May 2021) encompasses the relatively brief period when her state post-conviction petition was pending (February 2018 to May 2018). So, Petitioner's state post-conviction petition does not play into the timeliness analysis.

[4] Petitioner's request to file a second or successive federal habeas petition in July 2021 does not alter this outcome, for several reasons. Chief among them is that federal habeas proceedings do not toll the applicable statute of limitations. *See Rhines v. Weber*, 544 U.S. 269, 274–75 (2005) (internal citations and quotation marks omitted). This request was also never "pending," as it was returned unfiled, and even then, it was only under consideration for 3 days.

3

## B. Equitable Tolling

The limitations period "is subject to equitable tolling in certain instances." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling must establish "(1) that [s]he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in h[er] way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata*, 662 F.3d at 741).

Petitioner requests equitable tolling, but she does not support this request with any details. To the extent that Petitioner was confused about the difference between state and federal habeas petitions, or state and federal appellate courts, it is well-established in the Sixth Circuit that "pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [a] late filing." *Id.* at 464 (citations omitted). In July 2021, moreover, the Sixth Circuit sent Petitioner a blank federal habeas petition and told her where to file it, but she did not do so until more than a year later. This unexplained delay reflects a lack of diligence. Petitioner, therefore, has not carried her burden of demonstrating that equitable tolling applies.

## C. Actual Innocence

Finally, although Petitioner does not raise this argument, the Court notes that a credible assertion of "actual innocence" may serve as a gateway for a federal habeas court to review the merits of otherwise untimely claims. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (citing *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995)). But this gateway "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror

would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schlup*, 513 U.S. at 329). "[T]he actual innocence exception should remain rare and only be applied in the extraordinary case." *Souter*, 395 F.3d at 590 (internal citation and quotation marks omitted). Here, because Petitioner does not refer to any new evidence of her innocence, she is not close to clearing the high bar for excusing untimely claims due to actual innocence.

### III. CONCLUSION AND INSTRUCTIONS TO PETITIONER

For these reasons, the Petition appears to be subject to dismissal as untimely. Petitioner, however, will have an opportunity to respond to the Court's analysis. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (citations omitted) (permitting sua sponte timeliness rulings after parties have fair notice and an opportunity to present their positions).

Accordingly, Petitioner must **SHOW CAUSE** in writing why the Petition should not be dismissed. Petitioner's response must be filed within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **1:22-cv-00039**. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

Petitioner is **WARNED** that failure to submit a written response or request an extension of time by the deadline will result in dismissal of the Petition. Petitioner's motion to appoint counsel (Doc. No. 2) will be addressed after resolving the timeliness issue.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE